**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-6763**

FREDDIE DAVID PAIGE,

        Plaintiff - Appellant,

    v.

JOSEPH HERRING, Fayetteville Police Department; J. DEL PIZZO, Fayetteville Police Department,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:17-ct-03124-BO)

Submitted: January 13, 2022               Decided: February 4, 2022

Before THACKER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Freddie David Paige, Appellant Pro Se. Donald Brandon Christian, Monroe, North Carolina; Clay Allen Collier, CROSSLEY MCINTOSH COLLIER HANLEY & EDES PLLC, Wilmington, North Carolina; James Carlton Thornton, CRANFILL SUMNER, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie David Paige filed an amended 42 U.S.C. § 1983 complaint against two undercover narcotics detectives with the Fayetteville, North Carolina, Police Department. Paige alleged that Defendants violated his substantive due process rights by providing him heroin, from which he suffered an overdose, as payment for a drug transaction he facilitated between Defendants and his source. The district court granted Defendants' motion for summary judgment and denied Paige's, concluding that Defendants had not violated Paige's constitutional rights and, even if they had, Defendants are entitled to qualified immunity. We affirm.

We review a district court's ruling on cross-motions for summary judgment de novo. *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 205 (4th Cir. 2020). "[W]hen a district court's grant of summary judgment disposes of cross-motions for summary judgment, we consider each motion separately on its own merits, resolving all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Wingate v. Fulford*, 987 F.3d 299, 304 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 89 (2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might affect the outcome of the suit under the governing law." *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) (cleaned up). "To create a genuine issue for trial, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one

2

inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

"To overcome the qualified immunity defense at the summary judgment stage, the plaintiff must have shown facts that make out a violation of a constitutional right, and the right at issue must have been clearly established at the time of the defendant's alleged misconduct." *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (internal quotation marks omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he or she is doing violates that right." *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (cleaned up). When deciding "whether a right was clearly established, we typically ask whether, when the defendant violated the right, there existed either controlling authority—such a published opinion of this Court—or a robust consensus of persuasive authority that would have given the defendants fair warning that their conduct was wrongful." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (cleaned up). In assessing whether the contours of a particular right are sufficiently clear, "a case directly on point" is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Paige argues that Defendants violated his substantive due process rights under the state-created danger doctrine. This "doctrine applies where (1) the state actor directly created or increased the risk of the harm to the victim and (2) did so directly through affirmative acts." *Callahan v. N.C. Dep't of Pub. Safety*, 18 F.4th 142, 146 (4th Cir. 2021)

3

(internal quotation marks omitted). Inactions or omissions by the state actor will not suffice, and an affirmative act in the state-created danger context "is also quite limited." *Graves v. Lioi*, 930 F.3d 307, 319 (4th Cir. 2019); *see Turner*, 930 F.3d at 645 ("[T]he bar for what constitutes an affirmative act is high." (internal quotation marks omitted)). "[I]t cannot be that the state commits an affirmative act or creates a danger every time it does anything that makes injury at the hands of a third party more likely. If so, the state would be liable for every crime committed by the prisoners it released." *Graves*, 930 F.3d at 319-20 (cleaned up). "The concept of affirmative acts should not extend beyond the context of immediate interactions between the state actor and the plaintiff. A downstream, but-for connection between the state's conduct and the alleged harm stretches the affirmative acts concept too far to support a state-created danger claim." *Callahan*, 18 F.4th at 147 (cleaned up).

Paige also argues that he is entitled to relief because Defendants' actions shock the conscience. State officials may be held liable under the Due Process Clause when their exercise of governmental power shocks the conscience. *Dean ex rel. Harkness v. McKinney*, 976 F.3d 407, 413-14 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2800 (2021). "[D]etermining whether conduct is sufficiently egregious to amount to a Fourteenth Amendment violation is far from an exact science," and, "[d]epending on the circumstances, different degrees of fault may rise to the level of conscience-shocking." *Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir. 2001). What is clear is that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process," and "behavior that would most probably support a substantive

4

due process claim is conduct intended to injure that is in some way unjustifiable by any government interest." *Dean*, 976 F.3d at 414 (cleaned up). "Closer calls, however, are presented by conduct that is something more than negligence but less than intentional," and "a determination as to which of these standards of culpability—intent to harm or deliberate indifference—applies requires an exact analysis of context and circumstances before any abuse of power is condemned as conscience shocking." *Id.* (cleaned up).

We decline to consider whether Defendants violated Paige's substantive due process rights under the state-created danger doctrine or whether their actions shock the conscience. After reviewing the record and the relevant case law, we conclude that the district court correctly determined that, even if there was a constitutional violation in this case, Defendants are entitled to qualified immunity because they did not violate clearly established law. *See Turner*, 930 F.3d at 644.

We affirm the district court's judgment, grant Paige's motion to amend his informal brief, and deny his motion for a video conference. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5